IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN LINDBERG SR., | |
| Plaintiff, | **8:25CV50** |
| vs. | |
| STATE OF NEBRASKA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, JENNIFER WHITNEY, in her official and individual capacity; JODY JOHNSON, in her official and individual capacity; CHRISTINA PEARD, in her official and individual capacity; CELESTE HEAIVILIN, in her official and individual capacity; SUE HEIB, in her official and individual capacity; MIRANDA WAGNER, in her official and individual capacity; GRADY ERICKSON, in his official and individual capacity; and JOHN RADEMACHER, in his official and individual capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Justin Lindberg Sr.'s Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, Motion to Appoint Standby Counsel, Filing No. 4, and what the Court construes as a Motion for Summons, Filing No. 5. Each motion is addressed below.

### I. IFP MOTION

Plaintiff, a non-prisoner, filed a Motion for Leave to Proceed IFP, Filing No. 2, and an affidavit in support of his motion, Filing No. 3. Upon review of

Plaintiff's IFP Motion and affidavit, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

## II. MOTION TO APPOINT STANDBY COUNSEL

Plaintiff also seeks the appointment of "standby" counsel to assist him in pursuing the claims in his Complaint, Filing No. 1, filed under 42 U.S.C. § 1983. Filing No. 4. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims and the Court has yet to determine whether this case may proceed to service of process as explained below. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

### III. MOTION FOR SUMMONS

Finally, Plaintiff filed several summons forms for the defendants named in his Complaint, which the Court has docketed and construed as a Motion for Summons. Filing No. 5. The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). This matter may not proceed to service of process unless so ordered by the Court after conducting this initial review. Accordingly, Plaintiff's Motion for Summons is denied without prejudice as premature.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's Motion to Appoint Standby Counsel, Filing No. 4, and Motion for Summons, Filing No. 5, are denied without prejudice.

3. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 18th day of February, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge