IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN LINDBERG SR., | **8:25CV50** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, JENNIFER WHITNEY, in her official and individual capacity; JODY JOHNSON, in her official and individual capacity; CHRISTINA PEARD, in her official and individual capacity; CELESTE HEAIVILIN, in her official and individual capacity; SUE HEIB, in her official and individual capacity; MIRANDA WAGNER, in her official and individual capacity; GRADY ERICKSON, in his official and individual capacity; and JOHN RADEMACHER, in his official and individual capacity; | |
| Defendants. | |

Plaintiff Justin Lindberg Sr. filed his Complaint on February 6, 2025. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 8. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

# I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Nebraska, the Nebraska Department of Health and Human Services ("NDHHS"), a NDHHS caseworker, various mental health and family services providers, and a guardian ad litem (collectively "Defendants") involved in the removal of Plaintiff's children from his custody, the family reunification efforts, and eventual termination of Plaintiff's parental rights on September 5, 2019. Plaintiff appealed the trial court decision terminating his parental rights, and "the Nebraska Court of Appeals and the Supreme Court of Nebraska affirmed the Trial Court's decision without adequately addressing constitutional violations." Filing No. 1 at 5. A review of Nebraska's state court records shows that the decision terminating Plaintiff's parental rights was affirmed by the Nebraska Court of Appeals in a Memorandum Web Opinion entered April 21, 2020, the Nebraska Supreme Court denied his petition for further review on June 8, 2020, and the mandate issued on June 23, 2020.[1] *See In re Justin L.*, No. A-19-927, 2020 WL 1919553 (Neb. Ct. App. Apr. 21, 2020).

Plaintiff claims that "Defendants, acting under color of state law, deprived him of his fundamental right to familial association and due process by wrongfully terminating his parental rights without adequate justification or adherence to procedural safeguards" in violation of his rights under the First, Ninth, and Fourteenth Amendments of the United States Constitution. *Id*. at 2. As relief, Plaintiff seeks (1) a declaration that Defendants' actions violated his constitutional rights, (2) "injunctive relief restoring Plaintiffs

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the Nebraska Court of Appeals appellate case records in *In re Interest of Justin L., Jr., and Jordan L.*, No. A-19-927. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

parental rights and ordering Defendants to facilitate appropriate reunification services," (3) "compensatory damages for emotional distress and harm," and (4) punitive damages. *Id.* at 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

For the reasons that follow, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and because his claims are barred by the statute of limitations.

### A. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). "The basis for the *Rooker/Feldman* doctrine is that, other than in the context of habeas claims, federal district courts are courts of original jurisdiction, and by statute they are precluded from serving as appellate courts to review state court judgments, as that appellate function is reserved to the Supreme Court under 28 U.S.C. § 1257." *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005).

In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v.*

4

*Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercise jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

Here, Plaintiff's alleged injuries of loss of parental rights and infliction of emotional distress arise from the state court proceedings terminating his parental rights, which culminated in the Nebraska Court of Appeals opinion affirming the termination decision. To grant Plaintiff the relief he seeks, specifically the restoration of his parental rights, would effectively reverse the state court's decision or void its ruling, and *Rooker-Feldman* precludes the Court from doing so. Accordingly, the Court concludes it lacks subject matter jurisdiction over Plaintiff's claims alleging harm caused by, and seeking relief from, the state court decisions terminating his parental rights.

**B. Statute of Limitations**

Even if Plaintiff's claims for relief were not barred by *Rooker-Feldman*, the Court finds that Plaintiff's claims must be dismissed because they are barred by the statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387

5

(2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412–13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207. Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Id.* at 391.

Here, Plaintiff's allegations establish that his claims arise from the removal of his children from his custody in 2017, the eventual termination of his parental rights on September 5, 2019, and the affirmance of the termination decision which was final, at the latest, on June 23, 2020. Plaintiff did not file his Complaint in this Court until over four and a half years later on February 6, 2025. Because Plaintiff's civil rights claims against Defendants accrued more than four years prior to the filing of this lawsuit, they are barred by the statute of limitations and must be dismissed. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run); *see also Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run).

IT IS THEREFORE ORDERED that:

1.    This matter is dismissed.

2.    The Court will enter a separate judgment.

6

Dated this 25th day of June, 2025.

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
Senior United States District Judge