IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN LINDBERG SR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEBRASKA, DEPARTMENT OF HEALTH AND HUMAN SERVICES, JENNIFER WHITNEY, in her official and individual capacity; JODY JOHNSON, in her official and individual capacity; CHRISTINA PEARD, in her official and individual capacity; CELESTE HEAIVILIN, in her official and individual capacity; SUE HEIB, in her official and individual capacity; MIRANDA WAGNER, in her official and individual capacity; GRADY ERICKSON, in his official and individual capacity; and JOHN RADEMACHER, in his official and individual capacity; <br><br> Defendants. | 8:25CV50 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Hearing, Filing No. 11, Motion for Leave to File Amended Complaint, Filing No. 12, and Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), Filing No. 13. For the reasons that follow, the Court will deny all three motions.

**I. BACKGROUND**

Plaintiff filed his Complaint, Filing No. 1, on February 6, 2025, asserting procedural and substantive due process claims under 42 U.S.C. § 1983 and a

42 U.S.C. § 1985 conspiracy claim against the State of Nebraska, the Nebraska Department of Health and Human Services ("NDHHS"), an NDHHS caseworker, various mental health and family services providers, a guardian ad litem, and a county judge involved in the removal of Plaintiff's children from his custody, the family reunification efforts, and eventual termination of Plaintiff's parental rights on September 5, 2019. On June 25, 2025, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) because the Court lacked subject matter jurisdiction over Plaintiff's claims alleging harm caused by, and seeking relief from, the state court decisions terminating his parental rights under the *Rooker-Feldman*[1] doctrine and, even if subject matter jurisdiction was not lacking, Plaintiff's claims were barred by the statute of limitations. Filing No. 9 at 5. Plaintiff filed the present motions on July 28, 2025.

## II. DISCUSSION

As an initial matter, Plaintiff asks the Court to schedule a hearing for oral argument on his Motion for Leave to File Amended Complaint and Motion to Alter or Amend Judgment pursuant to Rule 59(e). Filing No. 11. "In general the court does not allow oral argument or evidentiary hearings on motions." NECivR 7.1(e). Upon consideration of Plaintiff's request and his other pending motions, the Court finds that a hearing is unnecessary as Plaintiff is not entitled to relief from the Court's judgment and amendment of his Complaint is unwarranted.

Plaintiff seeks relief from the Court's June 25, 2025, judgment of dismissal under Federal Rule of Civil Procedure 59(e). Filing No. 13. Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

or to present newly discovered evidence. *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

Plaintiff also seeks leave to amend his Complaint in conjunction with his request for Rule 59(e) relief. Filing No. 12. The United States Court of Appeals for the Eighth Circuit has "repeatedly explained that '[a] motion for leave to amend after dismissal is subject to different considerations than a motion prior to dismissal.'" *In re SuperValu, Inc.*, 925 F.3d 955, 961 (8th Cir. 2019) (quoting *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014)).

> Leave to amend should be granted liberally under Rule 15 prior to dismissal. After judgment has been entered, district courts may not ignore the considerations of Rule 15, but leave to amend a pleading will be granted only "if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief."

*Id.* (quoting *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014)).

Here, the Court cannot grant Plaintiff relief under Rule 59(e) because, primarily, his motion is untimely. A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Plaintiff filed his Rule 59(e) motion 33 days after the Court entered its judgment on June 25, 2025, and his motion must be denied as untimely. Even if Plaintiff's motion had been timely, however, the Court concludes Plaintiff has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of dismissal.

Plaintiff argues that the Court erred in dismissing his Complaint as time-barred because the Court failed to "consider that the limitations period

3

should be tolled pursuant to Neb. Rev. Stat. § 25-213[2] due to Plaintiff's period of incarceration following the events giving rise to this action." Filing No. 13 at 1–2. Plaintiff states he was incarcerated from "approximately April 8, 2021 through March 22, 2025," Filing No. 13 at 2, though the March 22, 2025, date appears to be a typographical error as the Nebraska Department of Correctional Services' online inmate records[3] show that Plaintiff was released on March 22, 2024, and Plaintiff alleges elsewhere that he filed his Complaint "on February 6, 2025, within 11 months of release," Filing No. 12 at 1. Plaintiff's argument is unavailing as Nebraska law is clear that a period of incarceration, by itself, does not warrant tolling of the statute of limitations under § 25-213. As the Nebraska Supreme Court recognized in *Gordon v. Connell*, which Plaintiff cites, "a showing of a recognizable legal disability, *separate from the mere fact of imprisonment*, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment." 545 N.W.2d 722, 726 (Neb. 1996) (emphasis added).

Moreover, nothing in Plaintiff's Motion to Alter or Amend Judgment or his Motion for Leave to Amend and the attached proposed amended complaint, *see* Filing No. 12 at 3–9, suggests that the Court's conclusion that Plaintiff's claims are barred under *Rooker-Feldman* was the result of manifest error of law or fact. Thus, Plaintiff has failed to establish sufficient grounds for setting

---

[2] Section 25-213 provides, in relevant part:

> Except as provided in sections 76-288 to 76-298, if a person entitled to bring any action mentioned in Chapter 25, . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by Chapter 25 after such disability is removed. . . .

Neb. Rev. Stat.§ 25-213.

[3] *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Dec. 3, 2025).

aside the Court's judgment of dismissal under Rule 59(e) and leave to amend his Complaint is not warranted.

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Hearing, Filing No. 11, Motion for Leave to File Amended Complaint, Filing No. 12, and Motion to Alter or Amend Judgment pursuant to Rule 59(e), Filing No. 13, are denied.

Dated this 4th day of December, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge