IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUSTIN LINDBERG SR.,

                Plaintiff,

        vs.

STATE OF NEBRASKA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, JENNIFER
WHITNEY, in her official and
individual capacity; JODY JOHNSON,
in her official and individual capacity;
CHRISTINA PEARD, in her official
and individual capacity; CELESTE
HEAIVILIN, in her official and
individual capacity; SUE HEIB, in her
official and individual capacity;
MIRANDA WAGNER, in her official
and individual capacity; GRADY
ERICKSON, in his official and
individual capacity; and JOHN
RADEMACHER, in his official and
individual capacity;

                Defendants.

**8:25CV50**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's duplicate Motions to Vacate Prior Orders and Reopen Case pursuant to Federal Rule of Civil Procedure 60(b). Filing No. 15; Filing No. 17.[1] Upon consideration, the Court will deny Plaintiff's motions for Rule 60(b) relief.

---

[1] It appears Plaintiff filed his first motion, Filing No. 15, on January 14, 2026, upon realizing that his original motion mailed on December 31, 2025, was delayed through no fault of his own by the U.S. Postal Service. *See* Filing No. 16. The Court then received the original motion on January 15, 2026. Filing No. 17.

## I. BACKGROUND

Plaintiff filed his Complaint, Filing No. 1, on February 6, 2025, asserting procedural and substantive due process claims under 42 U.S.C. § 1983 and a 42 U.S.C. § 1985 conspiracy claim against the State of Nebraska, the Nebraska Department of Health and Human Services ("NDHHS"), an NDHHS caseworker, various mental health and family services providers, a guardian ad litem, and a county judge involved in the removal of Plaintiff's children from his custody, the family reunification efforts, and eventual termination of Plaintiff's parental rights on September 5, 2019. On June 25, 2025, the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) because the Court lacked subject matter jurisdiction over Plaintiff's claims alleging harm caused by, and seeking relief from, the state court decisions terminating his parental rights under the *Rooker-Feldman*[2] doctrine and, even if subject matter jurisdiction was not lacking, Plaintiff's claims were barred by the statute of limitations. Filing No. 9 at 5.

On July 28, 2025, Plaintiff filed motions seeking relief from the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e), Filing No. 13, and for leave to file an amended complaint, Filing No. 12. In an order entered December 4, 2025, the Court denied Plaintiff's motions, rejecting his argument that his period of incarceration should toll the statute of limitations period "as Nebraska law is clear that a period of incarceration, by itself, does not warrant tolling of the statute of limitations under [Neb. Rev. Stat.] § 25-213." Filing No. 14 at 4 (citing *Gordon v. Connell*, 545 N.W.2d 722, 726 (Neb. 1996)). The Court also concluded "nothing in Plaintiff's Motion to Alter or Amend Judgment or his Motion for Leave to Amend and the attached proposed amended complaint,

---

[2] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

*see* Filing No. 12 at 3–9, suggests that the Court's conclusion that Plaintiff's claims are barred under *Rooker-Feldman* was the result of manifest error of law or fact." Filing No. 14 at 4.

Plaintiff filed his present motion on January 14, 2026, seeking to vacate the Court's prior orders and set aside the dismissal of his Complaint.

## II. DISCUSSION

Plaintiff seeks relief from the Court's judgment pursuant to Rule 60(b)(1), (3), and (6), which permit a court to grant a party relief from a judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Plaintiff's motion is timely. Fed. R. Civ. P. 60(c)(1) (a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment").

Here, Plaintiff argues the Court misapplied the *Rooker-Feldman* doctrine because he alleged injuries "flow[ing] from Defendants' misconduct rather than the state judgment itself." Filing No. 15 at 4. However, Defendants' misconduct"—such as denial of notice, lack of meaningful hearings, falsification or suppression of evidence, and conspiratorial conduct," Filing No. 15 at 3–4, and denial of therapeutic services, Filing No. 1 at 5—is alleged in conclusory fashion in both the Complaint, Filing No. 1 at 5–6, and proposed amended complaint, Filing No. 12 at 5, and is unsupported by sufficient facts to state a plausible constitutional claim for relief. Moreover, the few factual allegations regarding defendants Jody Johnson's and Christina Peard's denial of therapeutic services, Filing No. 1 at 5, are largely addressed in the Nebraska

Court of Appeals' discussion of the background leading to the termination of Plaintiff's parental rights. *In re Justin L.*, No. A-19-927, 2020 WL 1919553, at \*5–\*8 (Neb. Ct. App. Apr. 21, 2020). This only reinforces that Plaintiff's claims against Defendants are "inextricably intertwined" with claims already adjudicated in state court. *See Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003). Nor can it be reasonably denied that the relief Plaintiff seeks, specifically restoration of his parental rights, Filing No. 1 at 7; Filing No. 12 at 7, would effectively reverse the state court's decision or void its ruling contrary to *Rooker-Feldman*. Plaintiff, thus, has not established any error in the Court's application of *Rooker-Feldman* warrants relief from the judgment.

Plaintiff next asserts the Court's dismissal of the Complaint as time-barred based on Plaintiff's claims accruing no later than June 23, 2020, *see* Filing No. 9 at 6, was erroneous as "Plaintiff alleged continuing and concealed misconduct that was not reasonably discoverable until years later." Filing No. 15 at 4. The Court has carefully reviewed Plaintiff's Complaint, Filing No. 1, and proposed amended complaint, Filing No. 12 at 3–9, and cannot discern any allegations that would support Plaintiff's argument. Rather, it is clear from Plaintiff's allegations that the events and alleged misconduct he complains of occurred before and during the state court proceedings leading to the termination of his parental rights, which concluded on June 23, 2020, when the appellate mandate issued. Nothing in Plaintiff's pleadings suggests any conduct by the defendants giving rise to Plaintiff's claims against them occurred or was not discoverable until after the conclusion of his state court proceedings. *See Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("[A]ccrual occurs when the plaintiff has a complete and present cause of action.") (cleaned up). As such, the Court finds no basis to set aside the

4

judgment based on any error in the Court's application of the statute of limitations.

Plaintiff argues that the Court applied an unduly restrictive standard to post-judgment relief in denying his Rule 59(e) motion and should have applied "Rule 60(b) to address substantive legal error and prevent manifest injustice." Filing No. 15 at 5. Plaintiff's argument is unavailing as the Court has applied Rule 60(b) here and concludes Plaintiff has not demonstrated any entitlement to relief from the judgment. In reaching this conclusion, the Court has also considered the extraordinary circumstances that Plaintiff alleges as warranting reopening of this case, Filing No. 15 at 6, and finds them insufficient to justify setting aside the judgment. If Plaintiff disagrees, he is free to seek appellate review.

IT IS THEREFORE ORDERED that: Plaintiff's Motions to Vacate Prior Orders and Reopen Case pursuant to Federal Rule of Civil Procedure 60(b), Filing No. 15; Filing No. 17, are denied.

Dated this 6th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge